COLLINS, plaintiff in error, v. PEOPLE.

*Bigamy — venue — conviction in wrong county.*

In a trial for bigamy the proof showed that the second marriage took place in Yates county, and that the prisoner was apprehended in that county. *Held,* that a conviction in Oswego county was erroneous (2 R. S. 688, § 10).

ERROR to review conviction of John W. Collins, in the Oswego county sessions, upon an indictment of bigamy. The material facts appear in the opinion.

*Wm. Tiffany* and *W. G. Robinson,* for plaintiff in error.

*J. J. Lamoree,* district attorney, for the people.

E. DARWIN SMITH, J. The plaintiff in error was indicted, tried and convicted of bigamy in the court of sessions of Oswego county.

The proof showed that the second marriage took place in Yates county and that the prisoner was apprehended in that county. By statute (2 R. S. 688, § 10 [3 R. S. 5th ed. 968]) it is provided that for a second or other marriage the person committing such offense may be tried in any county in which such person may be apprehended.

The prisoner's counsel moved that he be discharged, because the offense was not committed in Oswego county, nor the prisoner apprehended in such county. The court denied the motion and refused to discharge the prisoner. This was error. He could not lawfully be tried in Oswego county. *Halse* v. *People,* 46 Barb. 34.

The conviction must be reversed and the prisoner discharged.

*Conviction reversed.*